WALTER SWAIN ET AL., APPELLANTS, V. D. B. COGSWELL ET AL., APPELLEES.

FILED APRIL 10, 1936. No. 29609.

*Madden & Madden* and *Stevens & Stevens,* for appellants.

*McNeny & Sprague, contra.*

Heard before GOOD, EBERLY and PAINE, JJ., and CLEMENTS and THOMSEN, District Judges.

GOOD, J.

Plaintiffs brought this action on a written contract, alleging an oral modification thereof. Defendant Cogswell answered, denying that he was a party to the contract, or that he was liable thereon. Defendant Vance admitted the execution of the written contract and admitted an oral modification thereof, but claimed that it differed from the modification alleged by plaintiffs. At the conclusion of plaintiffs' evidence, there was a directed verdict for defend-

ant Cogswell. The cause proceeded as to defendant Vance, was submitted to the jury, and a verdict returned for defendant Vance. Plaintiffs have appealed.

The record discloses that Cogswell is a resident of Texas and is interested in the development of oil and gas properties. He entered into a contract with defendant Vance, which recited that theretofore Cogswell had entered into an agreement with one Eaton, of Beaver City, Nebraska, whereby Eaton was to secure for Cogswell oil, gas and mineral leases covering approximately 35,000 acres of land in a block located in certain described territory in Furnas county, Nebraska, and that Eaton had secured leases covering approximately 26,000 acres. The contract then provided that defendant Vance agreed that he would aid Eaton in securing oil, gas and mineral leases on a certain form, covering a total of at least 35,000 acres of land situated in Furnas county, Nebraska; the leases to be taken in the name of Cogswell and placed with Eaton as escrow agent. This contract also provided that, in consideration of the performance by Vance of his part of the agreement, Cogswell would pay to Vance the sum of $1,800 as soon as said leases covering said total acreage had been secured. It further provided that Vance should have a one-third "carried interest" in any and all of said leases and leasehold interests and one-third interest in all franchises that had been or would be secured within a radius of 75 miles from any of said leased acreage. This contract was dated April 29, 1933.

On May 4, 1933, a written contract was entered into between Vance, upon the one hand, and plaintiffs, upon the other. This contract recited, among other things, that Vance, with the financial help of another, had been securing a block of oil, gas and mineral leases in Furnas county, together with certain franchises, and in consideration of $800, paid by the plaintiffs upon the execution of the agreement, and for the further consideration that plaintiffs, on or before June 1, should secure additional oil, gas and mineral leases as may be necessary, together with the leases pre-

viously secured, so that the total acreage shall cover at least 35,000 acres of land in a block located in specially described territory in Furnas county. Upon condition that the plaintiffs should fully perform their part of the contract in securing such leases, Vance agreed to pay and deliver to the plaintiffs, when and as received, one-half of the proceeds, stock or property of whatever kind or character, which he, Vance, received from Cogswell in the operation, sale or disposition of said leases, leasehold interests and franchises, and, further, Vance was to repay to the plaintiffs, upon completion of the contract, $800, plus whatever necessary and actual expenses the plaintiffs may have incurred in completing said block of acreage leases; the total sum, in any event, not to exceed $1,200. There were other provisions of the contract which need not be considered.

It is charged in the petition that defendant Vance was acting as agent for and on behalf of Cogswell in entering into the agreement with plaintiffs, and that both Cogswell and Vance were liable thereon.

The record is barren of any competent evidence that Cogswell ever authorized Vance to enter into the agreement or contract between plaintiffs and Vance, or that he had any knowledge thereof, until after all that plaintiffs had done thereunder had been completed. He was not a party to the contract, and, since there was no competent evidence that Vance had authority to make such a contract on behalf of Cogswell and bind him thereto, the evidence was insufficient to support a verdict against Cogswell. Where the evidence is insufficient to support a verdict against a defendant, the trial court should direct a verdict for him.

After plaintiffs had secured a considerable number of leases, it became apparent that it was difficult to obtain leases for the number of acres provided for in the contract, within the limited territory described in the contract. Thereupon, the question of modification of the contract to extend the territory was taken up orally. Vance admits that there was a modification of the contract by extending the territory on the west, covering an additional strip 1 mile

wide; while plaintiffs contend that the modification was to extend the territory on the west of that described in the contract by a strip 2½ miles wide. Plaintiffs testify that they had secured leases covering the acreage required within the territory described in the written contract, plus the 2½-mile strip adjacent thereto. The evidence as to the number of acres covered by the leases within the territory, even as claimed by plaintiffs to have been enlarged by the oral modification, is in conflict. Plaintiffs' testimony indicates that they had secured leases of acreage totaling more than 35,000 acres within the prescribed territory, including the 2½-mile strip; while the evidence on behalf of Vance tends to show that the acreage was somewhat short of 35,-000, even including the 2½-mile strip. Vance testified that the modification extended only to an additional 1-mile strip, and his evidence is to the effect that the acreage fell considerably short of the 35,000, covered by the leases, as applied to the original territorial limit, plus the 1-mile strip.

The record presents purely questions of fact. It is a question of fact whether the written contract was modified by an extension of a 1-mile strip or a 2½-mile strip on the west. This question was fairly submitted to the jury. The jury found for defendant. Since the evidence was in conflict, the jury's finding on this question must be sustained. The evidence is in conflict as to whether the number of acres covered by the leases was 35,000 or a considerable amount less. This question was also submitted to the jury, and their finding in favor of defendant is based upon competent evidence in the record.

It is a general rule that in a law action the finding of the jury, based on conflicting evidence, will not be disturbed unless it is clearly wrong. There is nothing in the record from which we are able to say that the verdict is clearly wrong, or that it is not sustained by sufficient evidence.

Complaint is made of a number of instructions given, but nothing is pointed out in the briefs wherein it is apparent that any error was committed by the trial court. A careful examination of the record convinces us that the questions

were fairly and properly submitted to the jury, and, since only questions of fact were involved and the evidence is in conflict, the jury's finding is conclusive, on appeal.

No error prejudicial to plaintiffs has been found. Judgment

AFFIRMED.